Dear Representative Hardy:
You have requested an opinion of this office regarding the interpretation of two provisions of the Lafayette City-Parish Charter ("Charter"). Your questions are as follows:
1. Section 4-03(D) of the Charter states, "[a]ssistant attorney positions shall be authorized by the council. The assistant attorneys shall be appointed by and serve at the pleasure of the City-Parish Attorney." You ask whether this provision means that the council has to authorize the appointment of a specific individual to serve as an assistant city attorney, whether the council simply has to approve the position, or both.
2. Section 4-10(F) of the Charter states, "[a]ppeals from the decisions of the [Planning and Zoning] Commission shall be to the City-Parish Council. The decision of the council shall be final, subject to appeal to the appropriate court." You ask if an appeal to "the appropriate court" is the next step after an item is voted down by the Planning and Zoning Commission and then by the Council.
In response to your first question, it is the opinion of this office that the council must authorize the position of assistant city attorney but lacks the authority to authorize or approve a particular person to serve as an assistant city attorney as that decision belongs to the city attorney.
La. Atty. Gen. Op. No. 05-0219 addressed the same question in regard to the City of Zachary's Home Rule Charter. The Charter provision relating to who has *Page 2 
authority to appoint assistant city attorneys was similar to the provision in the Lafayette Charter and stated, "[a]ny assistant city attorneys authorized by the council shall be appointed by the city attorney and serve at the pleasure of the city attorney." The dispute in La. Atty. Gen. Op. No. 05-0219 arose because the city council interpreted the wording "authorized by the council" to mean the council had the authority to approve the assistant city attorney's selection. The city attorney, on the other hand, interpreted that provision to mean the council must approve the hiring of the position and allocate funds to pay for the position. The opinion concluded "that the term `authorized' in section 4-03(C) refers to a created position for an assistant city attorney. This position must be authorized and budgeted for by the mayor. However, the person selected need not be confirmed by the council and works under the direction and supervision of the city attorney."
In reaching the conclusion in La. Atty. Gen. Op. No. 05-0219, this office noted that other provisions of Zachary's Charter relating to the city attorney included the language "subject to confirmation by the council." Similarly, Section 4-03(A) of Lafayette's Charter states that the appointment of the City-Parish Attorney "shall be subject to approval by a majority of the authorized membership of the Council." Thus, the council must approve the appointment of the city attorney. The absence of this language in Section 4-03(D), relating to assistant city attorney, lends further support to our conclusion that city council approval of the person filling the position is not required.
Due to the similarity in the provisions of the Lafayette Charter and those discussed in La. Atty. Gen. Op. No. 05-0219, we follow the same reasoning and conclude that the city council must approve the position of assistant city attorney but the city attorney fills and supervises the position. Accordingly, it is the opinion of this office that the council must authorize the position of assistant city attorney but lacks the authority to authorize or approve a particular person to serve as an assistant city attorney as that decision belongs to the city attorney.
In regard to your second question, you are correct that after a person receives an adverse decision from both the Planning and Zoning Commission and the city council, his remedy is to appeal the decision to a court of competent jurisdiction. We have reached this opinion relying upon the rules for statutory construction and interpretation. The statutory and jurisprudential rules for statutory construction and interpretation apply equally . . . to ordinances, rules, and regulations. LaMartina v.Louisiana Patient's Compensation Fund, 2007-2281 (La. App. 1st Cir. 7/21/08), 993 So.2d 249, 253. The starting point for the interpretation of any statute is the language of the statute itself. Id. at 253. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La.C.C. art. 9. The words of a law must be given their generally prevailing meaning. La.C.C. art. 11. This Charter provision plainly states that "[a]ppeals from the decisions of the [Planning *Page 3 
and Zoning] Commission shall be to the City-Parish Council. The decision of the council shall be final, subject to appeal to the appropriate court." We find this provision to be clear and unambiguous and opine that it should be applied as written with no further interpretation. It is therefore the opinion of this office that, pursuant to Section 4-10(F) of the Charter, a person who wishes to appeal an adverse decision from both the Planning and Zoning Commission and the city council must do so in a court of competent jurisdiction.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL
By: __________________________
Lindsey K. Hunter
Assistant Attorney General
JDC/LKH/chb